**Slip Op. 12-109**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**Before: Nicholas Tsoucalas, Senior Judge**

| | |
|---|---|
| MARVIN FURNITURE (SHANGHAI) CO. LTD., : <br> : <br>     Plaintiff, : <br> : <br>  v. : <br> : <br> UNITED STATES, : <br> : <br>     Defendant, : <br> : <br>  and : <br> : <br> AMERICAN FURNITURE MANUFACTURERS COMMITTEE FOR LEGAL TRADE and VAUGHAN-BASSETT FURNITURE COMPANY, INC., : <br> : <br>     Defendant-Intervenors. : <br> : | Court No.: 12-00100 |

**OPINION**

**Held:** The Department of Commerce's decision to rescind a new shipper review is affirmed.

Dated: August 23, 2012

    Neville Peterson, LLP, (John M. Peterson and Richard F. O'Neill) for Marvin Furniture (Shanghai) Co. Ltd., Plaintiff.

    Stuart F. Delery, Acting Assistant Attorney General; Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director, Civil Division, United States Department of Justice, (Carrie A. Dunsmore); Shana Hofstetter, Of Counsel, Office of the Chief Counsel for Import Administration, United States Department of Commerce, for the United States, Defendant.

    King & Spalding, LLP, (Joseph W. Dorn, J. Michael Taylor, and P. Lee Smith) for American Furniture Manufacturers Committee for Legal Trade and Vaughan-Bassett Furniture Company, Inc., Defendant-Intervenors.

**TSOUCALAS**, Senior Judge: This matter comes before the Court upon the Motion for Judgment on the Agency Record filed herein by Plaintiff, Marvin Furniture (Shanghai) Co. Ltd. ("Marvin"). Marvin challenges the Department of Commerce's ("Commerce") decision to rescind a new shipper review it had initiated of certain entries made by Marvin of wooden bedroom furniture. Marvin asserts that because it timely requested a new shipper review for which it was otherwise eligible, Commerce's rescission was not supported by substantial evidence or in accord with the law. Defendant, United States and Defendant-Intervenors, American Furniture Manufacturers Committee for Legal Trade and Vaughan-Bassett Furniture Company, Inc. (collectively "AFMC"), argue that Marvin, in fact, did not meet the prerequisites necessary for a new shipper review, and that Commerce's decision was therefore supported by substantial evidence and in accord with the law. The Court concludes that Commerce's rescission was supported by record evidence and a reasonable application of the relevant statutory and regulatory provisions, and affirms the determination.

## BACKGROUND

In 2005, the United States Department of Commerce ("Commerce") issued an antidumping duty order on wooden bedroom furniture from the People's Republic of China ("PRC"). See Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Wooden Bedroom Furniture from the People's Republic of China, 70 Fed. Reg. 329 (Jan. 4, 2005). Subsequent to the entry of this

order, any party making entries of subject merchandise not assigned a special rate by Commerce was required to deposit estimated duties at the PRC-wide rate of 216.01%.

Marvin manufactures wooden furniture in the PRC, and is owned by a party who also owns an Australian company named Boori International Pty. Ltd. ("Boori Int'l"). Boori Int'l distributes a line of high-end juvenile furniture that is popular in Australia, the United Kingdom, Ireland, and several other countries. In order to begin selling goods in the United States, the owner established Boori USA, LLC, and made entries of wooden bedroom furniture into the United States on June 20, 2011. Upon making these entries, Boori USA discovered that it was required to make antidumping duty deposits at the PRC-wide rate of 216.01%. In an attempt to obtain a lower rate, Marvin requested that Commerce initiate a new shipper review of its entries. See Letter from Neville Peterson to the Secretary of Commerce, Re: Request for Initiation of Antidumping New Shipper Review: Wooden Bedroom Furniture from the People's Republic of China, Case Number: A570-890 (July 30, 2011) ("Initiation Request"), Public Rec. 1, Confidential Rec. 1.[1] In the Initiation Request, Marvin indicated that it had not exported subject merchandise to the United States prior to June 2011. Initiation Request, Ex. D.

Per routine practice, Commerce asked the United States Customs

---

[1] Hereinafter all documents in the public record will be designated "PR" and all documents in the confidential record designated "CR."

and Border Protection to confirm that Marvin had not made entries of subject merchandise prior to the date stated in the Initiation Request.  This search turned up two entries of goods that had been made by Marvin in September 2010, and Commerce issued a letter soliciting comments from the parties regarding these entries.  See Letter from Import Administration to All Interested Parties (Aug. 19, 2011), PR 14, CR 4.  On August 24, 2011, Marvin responded to Commerce's letter stating that while it had made entries in September 2010, the entries were of non-subject merchandise.  See Letter from Neville Peterson to the Secretary of Commerce, Re: Marvin Furniture (Shanghai) Co. Ltd.; CBP Data Comments: Wooden Bedroom Furniture from the People's Republic of China, New Shipper Review (Aug. 24, 2011), PR 16, CR 5.  In reliance on Marvin's August 24, 2011 letter, a Commerce official signed the initiation notice the following day, August 25, 2011, and the notice was published 6 days later.  See Wooden Bedroom Furniture from the People's Republic of China: Initiation of Antidumping Duty New Shipper Review, 76 Fed. Reg. 54,208 (Aug. 31, 2011).

Marvin subsequently filed responses to a questionnaire received from Commerce indicating for the first time that the September 2010 entries had, in fact, contained subject goods, but added that the goods were entered subject to a provision making them exempt from payment of antidumping duties.  See Letter from Neville Peterson to the Secretary of Commerce, Re: Marvin Furniture (Shanghai) Co. Ltd.

And Boori USA Inc.: Response to Supplemental Questionnaire; Wooden Bedroom Furniture from the People's Republic of China, Case Number: A570-890 (Aug. 26, 2011), PR 24, CR 10.  Subsequent filings by Marvin confirmed that the first entry date contained in the Initiation Request was incorrect, but Marvin maintained that the date of its first entry of subject merchandise had not occurred more than a year prior to the filing of the Initiation Request.[2]  <u>See, e.g.</u>, Letter from Neville Peterson to the Secretary of Commerce, Re: Marvin Furniture (Shanghai) Co. Ltd. And Boori USA Inc.: Further Response to Supplemental Questionnaire: Wooden Bedroom Furniture from the People's Republic of China (Aug. 31, 2011), PR 29, CR 13.

Despite Marvin's assertions that all of its entries were made within the year prior to filing its Initiation Request, Commerce issued a preliminary rescission of the new shipper review, <u>Wooden Bedroom Furniture From the People's Republic of China: Preliminary Rescission of Antidumping Duty New Shipper Review</u>, 77 Fed. Reg. 1,456 (Jan. 10, 2012), and ultimately, a final rescission.  <u>Wooden Bedroom Furniture From the People's Republic of China: Final Rescission of Antidumping Duty New Shipper Review</u>, 77 Fed. Reg. 21,536 (Apr. 10, 2012) ("<u>Final Rescission</u>").  As a basis for its decision to rescind

---

[2] The Court notes that neither the Government nor AFMC point to evidence in the record indicating that Marvin did import subject merchandise into the United States more than a year before filing its Initiation Request.  The fact that all of Marvin's entries were made within a year prior to the filing of the Initiation Request is therefore not in dispute.

the new shipper review of Marvin's entries, Commerce stated that it

> continues to find that Marvin Furniture's request for an NSR does not meet the requirements for [a new shipper review] under 19 CFR 351.214(b)(2)(iv)(A) and (B). Specifically, Marvin Furniture's request for [a new shipper review] did not contain documentation establishing the date on which its subject merchandise was first entered into the United States for consumption and the volume of that first entry.

<u>Final Rescission</u>, 77 Fed. Reg. at 21,537-38.

On appeal, Marvin argues that it is entitled to a new shipper review because it complied with the statutory and regulatory requirements for eligibility. Marvin asserts that even if the information in its Initiation Request was incorrect, it quickly notified Commerce of the error. More importantly, Marvin relies on the absence in the record of any evidence that it imported subject merchandise more than an year before making its Initiation Request. Marvin further asserts that Commerce's decision to rescind the new shipper review conflicts with the provisions of Section 782 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1677m[3], which allows for the correction of erroneous information submitted to Commerce.

The Government and AFMC counter that Commerce's decision to rescind the new shipper review was supported by the record evidence because, notwithstanding its communications with Commerce, Marvin never actually complied with the statutory and regulatory

---

[3] All further citations to the Tariff Act of 1930 are to the relevant provisions of Title 19 of the United States Code, 2006 edition.

requirements for initiating a new shipper review.  Specifically, they argue that Marvin's Initiation Request was infirm because it did not sufficiently notify Commerce of the correct first date its goods were entered, nor did Marvin ever properly document the nature of its September 2010 entries.  The Government further argues that Commerce satisfied any relevant obligation it had under § 1677m.

## JURISDICTION and STANDARD OF REVIEW

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2)(B)(iii).  The Court will only disturb Commerce's determination if it is "unsupported by substantial evidence or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Huaiyin Foreign Trade Corp. (30) v. United States, 322 F.3d 1369, 1374 (Fed. Cir. 2003) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  It is important to note that when such relevant evidence is present, the Court must always affirm the agency determination as long as the determination is in accord with the law.  Where two different conclusions are supported by the evidence, the Court may not prefer its own to that of the agency. See Matsushita Elec. Indus. Co., Ltd. v. United States, 750 F.2d 927, 933 (Fed. Cir. 1984).

Additionally, when considering whether an agency determination is in accord with the law, the Court must sometimes consider the

agency's interpretation of the law in question. That consideration is weighed under the guidelines set forth in <u>Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837 (1984). The framework set forth in <u>Chevron</u> is well-established:

> Under <u>Chevron</u>, the court first asks whether Congress has directly spoken to the precise question at issue; if so, the inquiry ends and the Court must give effect to the unambiguously expressed intent of Congress. If the statute is silent or ambiguous with respect to the issue, the court must ask whether Commerce's interpretation is based on a permissible construction of the statute.

<u>Sahaviriya Steel Indus. Pub. Co. Ltd. v. United States</u>, 649 F.3d 1371, 1375 (Fed. Cir. 2011) (<u>quotations</u> <u>omitted</u>). Under this standard, "[s]tatutory interpretations articulated by Commerce during its antidumping proceedings are entitled to judicial deference . . . ." <u>Id.</u> at 1374. A reviewing court "must not substitute its own judgment for that of the agency even if the court might have preferred another interpretation and even if the agency's interpretation is not the only reasonable one." <u>Wheatland Tube Co. v. United States</u>, 495 F.3d 1355, 1360-61 (Fed. Cir. 2007) (<u>citation</u> <u>omitted</u>).

### ANALYSIS

The possibility for a new shipper review derives from 19 U.S.C. § 1675:

> If the administering authority receives a request from an exporter or producer of the subject merchandise establishing that -
>
> (I) such exporter or producer did not export the merchandise that was the subject of an antidumping duty or countervailing duty order to the United States . . .

> during the period of investigation, and
>
> (II) such exporter or producer is not affiliated (within the meaning of section 1677(33) of this title) with any exporter or producer who exported the subject merchandise to the United States . . . during that period,
>
> the administering authority shall conduct a review under this subsection to establish an individual weighted average dumping margin or an individual countervailing duty rate (as the case may be) for such exporter or producer.

19 U.S.C. § 1675(a)(2)(B)(i). The purpose of a new shipper review is to provide an opportunity to an exporter or producer who may be entitled to an individual antidumping rate, but was not active during the investigation, to be considered for such a rate. See Jining Yongjia Trade Co., Ltd. v. United States, 34 CIT __, __, Slip Op. 10-134 at 3 (Dec. 16, 2010).

In addition to this statutory baseline for new shipper review eligibility, 19 C.F.R. § 351.214 sets forth additional requirements for the contents of an initiation request. First, the exporter or producer must certify that it meets that provisions of 19 U.S.C. § 1675(a)(2)(B)(i). See 19 C.F.R. § 351.214(b)(2)(i)-(iii). The party making the request must also file documentation establishing

> (A) The date on which subject merchandise of the exporter or producer making the request was first entered, or withdrawn from warehouse, for consumption, or, if the exporter or producer cannot establish the date of first entry, the date on which the exporter or producer first shipped the subject merchandise for export to the United States;
>
> (B) The volume of that and subsequent shipments; and
>
> (C) The date of the first sale to an unaffiliated customer in the United States.

Court No. 12-00100                                                      Page 10

19 C.F.R. § 351.214(b)(2)(iv)(A)-(C).  Finally, the regulations state that an exporter or producer may request a new shipper review within one year of the date on which they first entered subject merchandise.  19 C.F.R. § 351.214(c).

Upon consideration of these statutory and regulatory provisions, it is clear that Marvin did not satisfy them in making its Initiation Request.  The Initiation Request itself shows entries made only during June 2011.  It later came to light that Marvin made entries of subject goods in September 2010, meaning that its Initiation Request was facially infirm under 19 C.F.R. § 351.214(b)(2)(iv)(A) and (B), which requires documentation of the date on which subject goods were first entered, and the volume of that and subsequent shipments.  While the parties disagree on the effectiveness of Marvin's attempted rehabilitation of its Initiation Request, there can be no dispute that the proceedings began with a document that falls short of compliance with the relevant regulations.  This infirmity presents a serious hurdle for Marvin given the deference owed by this court to agency decisions because Marvin, in essence, asks the Court to conclude that Commerce erred in applying the express provisions of its regulations.[4]

Furthermore, contrary to Marvin's arguments, the documentation required in a new shipper request does not just establish that an

---

[4] It is worth noting here that in its Reply supporting the instant Motion, Marvin makes clear that it is not challenging the validity of any part of 19 C.F.R. § 351.214.

exporter or producer is "new." It also provides the basis upon which Commerce can undertake the review and calculate an individual antidumping rate. <u>See</u> 19 C.F.R. § 351.214(b)(2)(iv)(B); Def.'s Resp. to Pl.'s Rule 56.2 Mot. at 11; <u>see generally</u>, 19 U.S.C. § 1675. If a new shipper request does not provide Commerce with accurate information regarding an exporter or producer's entries, the agency is unable to engage in these calculations.

Additionally, the Court concludes that 19 U.S.C. § 1677m is inapplicable here. While its provisions do allow for a party to correct infirm filings, it applies to insufficient information that was submitted in "response to a request for information." 19 U.S.C. § 1677m(d). Here, Marvin's Initiation Request was not filed in response to a request for information made by Commerce. Of its own accord, Marvin sought a new shipper review after compiling the information and documentation it believed necessary. The Court will not disturb Commerce's rescission of the new shipper review where, as here, the rescission was based on an application of the express provisions of the relevant statutes and regulations to facts that are undisputed in all material respects.

Based on the foregoing, and upon the Marvin's Motion, the responses thereto, and all other pleadings and papers filed herein, it is hereby

**ORDERED** that the Motion for Judgment on the Agency Record

**Court No. 12-00100**                                                               **Page 12**

filed herein by Marvin Furniture (Shanghai) Co. Ltd. is denied.


                                               /s/ NICHOLAS TSOUCALAS
                                              **Nicholas Tsoucalas**
                                                  **Senior Judge**


Dated: August 23, 2012
       New York, New York

**Slip Op. 12-**109

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**Before: Nicholas Tsoucalas, Senior Judge**

|  |  |  |
|---|---|---|
| MARVIN FURNITURE (SHANGHAI) CO. LTD., | : | |
| Plaintiff, | : | |
| v. | : | Court No.: 12-00100 |
| UNITED STATES, | : | |
| Defendant, | : | |
| and | : | |
| AMERICAN FURNITURE MANUFACTURERS COMMITTEE FOR LEGAL TRADE and VAUGHAN-BASSETT FURNITURE COMPANY, INC., | : | |
| Defendant-Intervenors. | : | |

**JUDGMENT**

This case having been duly submitted for decision and the Court, after due deliberation, having rendered a decision herein, now, in accordance with said decision, it is hereby

**ORDERED** that the Motion for Judgment on the Agency Record filed herein by Marvin Furniture (Shanghai) Co. Ltd. is denied; and it is further

**ORDERED** that this matter is dismissed.

                                    /s/ NICHOLAS TSOUCALAS
                                     **Nicholas Tsoucalas**
                                        **Senior Judge**

Dated: August 23, 2012
       New York, New York