**Slip Op. 13- 3**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**Before: Nicholas Tsoucalas, Senior Judge**

| | |
|---|---|
| MARVIN FURNITURE (SHANGHAI) CO. LTD., | : |
| Plaintiff, | : |
| v. | : Court No.: 12-00100 |
| UNITED STATES, | : |
| Defendant, | : |
| and | : |
| AMERICAN FURNITURE MANUFACTURERS COMMITTEE FOR LEGAL TRADE and VAUGHAN-BASSETT FURNITURE COMPANY, INC., | : |
| Defendant-Intervenors. | : |

**<u>OPINION</u>**

**Held**: Marvin Furniture (Shanghai) Co. Ltd.'s motion for rehearing is denied.

Dated: January 7, 2013

<u>Neville Peterson, LLP</u>, (<u>John M. Peterson</u> and <u>Richard F. O'Neill</u>) for Marvin Furniture (Shanghai) Co. Ltd., Plaintiff.

<u>Stuart F. Delery</u>, Acting Assistant Attorney General; <u>Jeanne E. Davidson</u>, Director, <u>Patricia M. McCarthy</u>, Assistant Director, Civil Division, United States Department of Justice, (<u>Carrie A. Dunsmore</u>); <u>Shana Hofstetter</u>, Of Counsel, Office of the Chief Counsel for Import Administration, United States Department of Commerce, for the United States, Defendant.

<u>King & Spalding, LLP</u>, (<u>Joseph W. Dorn</u>, <u>J. Michael Taylor</u>, and <u>P. Lee Smith</u>) for American Furniture Manufacturers Committee for Legal Trade and Vaughan-Bassett Furniture Company, Inc., Defendant-Intervenors.

**Court No. 12-00100** Page 2

**TSOUCALAS, Senior Judge**: Plaintiff Marvin Furniture (Shanghai) Co. Ltd. ("Marvin") seeks reconsideration of Marvin Furniture (Shanghai) Co. v. United States, 36 CIT __, 867 F. Supp. 2d 1302 (2012) ("Marvin I") under USCIT R. 59. Marvin I upheld defendant Department of Commerce's ("Commerce") decision to rescind a new shipper review as a consequence of Marvin's failure to disclose the first entry of its subject exports in the manner prescribed in 19 C.F.R. § 351.214(b)(2)(iv) (2012). Marvin I, 36 CIT at __, 867 F. Supp. 2d at 1307-09; see Wooden Bedroom Furniture From the People's Republic of China: Final Rescission of Antidumping New Shipper Review, 77 Fed. Reg. 21,536, 21,537-38 (Apr. 10, 2012). Commerce and defendant-intervenors American Furniture Manufacturers Committee for Legal Trade and Vaughan-Bassett Furniture Company, Inc. oppose the motion. The court assumes familiarity with the record and proceedings to date.

Reconsideration under USCIT R. 59 is within the court's discretion. Dorsey v. U.S. Sec'y of Agric., 32 CIT 270, 270 (2008) (not reported in the Federal Supplement). Although it may exercise such discretion "to rectify 'a significant flaw in the conduct of the original proceeding,'" id. (quoting W.J. Byrnes & Co. v. United States, 68 Cust. Ct. 358, 358 (1972)), "a court should not disturb its prior decision unless it is 'manifestly erroneous.'" Id. (citing Starkey Labs., Inc. v. United States, 24 CIT 504, 505, 110 F. Supp. 2d 945, 946-47 (2000); Volkswagen of Am., Inc. v. United

States, 22 CIT 280, 282, 4 F. Supp. 2d 1259, 1261 (1998)). "The purpose of a rehearing is not to relitigate the case . . . ." NEC Corp. v. Dep't of Commerce, 24 CIT 1, 2, 86 F. Supp. 2d 1281, 1282 (2000) (quoting Asociacion Colombiana de Exportadores de Flores v. United States, 22 CIT 2, 2, 994 F. Supp. 393, 394 (1998)).

Marvin claims that "the [c]ourt found, as a fact, that Marvin was the importer of the unreported . . . entries which formed the basis for the rescission." Pl.'s Mot. Recons. at 2 ("Pl.'s Br."). In support of this assertion, Marvin quotes portions of Marvin I where the court joined the words "Marvin" and "entry" using phrases like "Marvin's entries" and "Marvin made entries." Id. at 6 (quoting Marvin I, 36 CIT at __, 867 F. Supp. 2d at 1305–06, 1308). Marvin alleges that "[e]very single one of the [c]ourt's findings ascribing the September 2010 entries to Marvin is incorrect, as a matter of fact," because a third party, Triple Play Services, Inc., acted as the importer of record for the September 2010 entries. Id. at 2 (emphasis omitted). Marvin seeks reconsideration "to the extent Marvin's involvement with, or knowledge of, the 2010 Triple Play entries is material to the Court's decision." Id. at 5.

Marvin grossly mischaracterizes the language in Marvin I — the court did not in any way state or imply that Marvin was the importer of record for the September 2010 entries. Marvin I, 36 CIT at __, 867 F. Supp. 2d at 1305–09. The court attached the term "entries" to Marvin so as to communicate the undisputed fact that

<u>the entries described goods that Marvin produced</u>. <u>Id.</u> <u>Marvin I</u> is not the first judicial opinion to assign grammatical ownership of the term "entries" to an exporter so as to convey its relationship to an entered good. <u>See, e.g.</u>, <u>American Signature, Inc. v. United States</u>, 598 F.3d 816, 819–22 (Fed. Cir. 2010) (discussing exporter "Dare Group's 2006 entries" even though another company acted as the importer of record); <u>United States v. Great Am. Ins. Co. of N.Y.</u>, 35 CIT __, __, 791 F. Supp. 2d 1337, 1343–46, 1349, 1361–68 (2011) (repeatedly attaching grammatical ownership of the term "entry" to the names of various exporters even though none acted as the importer of record); <u>Viraj Forgings Ltd. v. United States</u>, 26 CIT 513, 513–14, 516, 206 F. Supp. 2d 1288, 1289–90, 1292 (2002) (attaching grammatical ownership of the word "entries" to the exporter in one instance, and to both the exporter and the importer of record in another). Consequently, Marvin's request to reconsider on the basis of factual error must be denied for want of any such error.

Marvin's remaining three arguments repeat those it made earlier in support of its motion for judgment on the agency record.[1] Because it "has failed to establish an appropriate basis

---

[1] Specifically, Marvin argued that (1) the purpose of new shipper review initiation documents is solely to determine whether a shipper is in fact a "new" shipper, Pl.'s Mot. J. Agency R. at 18–21, 29–34 ("Pl.'s MJAR"); (2) its subsequent responses to Commerce's questionnaires effectively corrected the deficient initiation request pursuant to 19 U.S.C. § 1677m(d), Pl.'s MJAR at 6–8, 25–27, 33–34; Pl.'s Reply Supp. MJAR at 11–13; and (3) "[a]s

**Court No. 12-00100**                                                                                          **Page 5**

for granting a rehearing," see Xerox Corp. v. United States, 20 CIT 823, 823-24 (1996) (not reported in the Federal Supplement); Ford Motor Co. v. United States, 34 CIT __, __, 751 F. Supp. 2d 1316, 1318 (2010), Marvin's motion for reconsideration on its remaining arguments must be denied.

## ORDER

In accordance with the foregoing, it is hereby

**ORDERED** that plaintiff Marvin Furniture (Shanghai) Co. Ltd.'s motion for rehearing is denied.

                                                                          /s/NICHOLAS TSOUCALAS
                                                                    **Nicholas Tsoucalas**
                                                                    **Senior Judge**

**Dated: January 7, 2013**
      **New York, New York**

---

a matter of law, [new shipper reviews] are not initiated until Commerce has published the notice of the review in the Federal Register," meaning that "Commerce had all the information it requested on or before the [initiation] date." Pl.'s Reply Supp. MJAR at 14-16. The court considered and rejected each of these arguments in Marvin I. Marvin I, 36 CIT at __, 867 F. Supp. 2d at 1306-09; see Pl.'s Br. at 6-15 (seeking reconsideration of the same).